**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-02672-MSK-NRN

GDHI MARKETING, LLC D/B/A GODABO HOME AND LIFE,

      Plaintiff,

v.

ANTSEL MARKETING, LLC D/B/A THEHOMEMAG FRONT RANGE,
THM MANAGEMENT, LLC D/B/A THEHOMEMAG,
THE HOME MAG HOLDING COMPANY, LLC,
CAMPBELL WIENER, INC. D/B/A THM OF VENTURA,
THE HOME IMPROVER, LLC,
CLAIRE LINDSAY,
ANNIE MULLEN,
BARBARA ROBLES,
ELLEN SMITH,

      Defendants.

---

## PROPOSED SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference is set for February 21, 2019 at 11:00 a.m. before Magistrate Judge

N. Reid Neureiter. It is anticipated that the following attorneys will appear:

For Plaintiff, GDHI Marketing, LLC d/b/a GoDabo Home and Life: Jeffrey Vail and Lily

Nierenberg of Godfrey | Johnson, P.C., 9557 S. Kingston Court, Englewood, Colorado 80112,

(303) 228-0700.

  For Defendants Anstel Marketing, LLC (incorrectly named Antsel Marketing, LLC d/b/a

TheHomeMag Front Range by Plaintiff in this matter), Claire Lindsay, Annie Mullen, Barbara

Robles and Ellen Smith (collectively, the "Anstel Defendants"): James Kilroy and Ellie Lockwood

of Snell & Wilmer, LLP-Denver, 1200 17th Street, One Tabor Center, Suite 1900, Denver, CO 80202, (303) 634-2000.

For Defendants THM Management, LLC d/b/a TheHomeMag, The Home Mag Holding Company, LLC, Campbell Wiener, Inc. d/b/a THM of Ventura, and The Home Improver, LLC: Thomas Quinn and Jacqueline Guesno of Gordon Rees Scully Mansukhani, LLP, 555 Seventeenth Street, Suite 3400, Denver, CO 80202, (303) 534-5154.

## 2. STATEMENT OF JURISDICTION

This Court has subject-matter jurisdiction over GoDabo's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over GoDabo's state law claims pursuant to 28 U.S.C. § 1367(a).The Home Mag Holding Company, LLC ("THM Holding"), The Home Improver, LLC ("The Home Improver"), and Campbell Wiener, Inc. d/b/a TheHomeMag of Ventura ("THM Ventura") contest that his Court has personal jurisdiction as to the relevant claims asserted against each entity under the Sherman Act and Lanham Act.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.     Plaintiff:

GoDabo has plead eleven claims for relief variously against the several Defendants, including violations of the Sherman Act (15 U.S.C. §§ 1 and 2) and the Lanham Act (15 U.S.C. § 1125(a)), violation of the Colorado Consumer Protection Act ("CCPA") (C.R.S. §§ 6-1-101, *et seq*.), common law intentional interference with contractual relationship and/or prospective contractual relationship, and defamation *per se* and *pro quod*.

GoDabo alleges that Defendants have conspired to monopolize, and have actually monopolized, the Denver market for targeted direct-mail home-improvement advertising magazines. In addition, Defendants are engaged in an effort to monopolize the National market for

targeted direct-mail home-improvement advertising magazines though coordinated exclusionary conduct as well as horizontal allocation of the market.

Defendants have made false and misleading statements about GoDabo as well as inflated statements about TheHomeMag in an effort to undermine competition from GoDabo and others in the Denver and National markets. In particular, Defendants have published false statements regarding the timing of GoDabo's mailing and GoDabo's method of selecting recipients. Defendants have also made false statements about their own method of selecting recipients and percentage of its readers that purchase products advertised in TheHomeMag.

GoDabo has lost clients and goodwill as a result of these statements.

b.      Defendant(s):

THM Management, LLC d/b/a TheHomeMag, THM Holding, The Home Improver, and THM Ventura (collectively "THM") have filed motions to dismiss plaintiff's Amended Complaint for failure to state a claim and/or lack of personal jurisdiction.  THM also denies the allegations in plaintiff's Amended Complaint and Jury Demand.  THM further denies that plaintiff is entitled to relief, including any damages, and recovery of attorneys' fees under any applicable law.

The Anstel Defendants deny that Plaintiff has stated any claims for relief, as set forth in the Anstel Defendants' Motion to Dismiss.  Furthermore, the Anstel Defendants deny any liability, deny that they caused any damage to Plaintiff, deny that they engaged in any wrongdoing, including but not limited to antitrust or Lanham Act violations, and deny that Plaintiff has suffered any damages or is entitled to any of the relief sought in its Amended Complaint.  In light of their pending Motion to Dismiss, the Anstel Defendants expressly reserve the right to assert defenses, affirmative defenses, and counterclaims if and when proper.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1.      Plaintiff GDHI Marketing, LLC d/b/a GoDabo Home & Life is a Colorado limited liability company, whose principal business address is 1550 Larimer Street, Suite 1072, Denver, Colorado 80202.

2.      Defendant THM Management, LLC d/b/a TheHomeMag is a Florida limited liability company.

3.      Defendant The Home Mag Holding Company, LLC ("THM Holding") is also a Florida limited liability company.

4.      Defendant The Home Improver, LLC ("The Home Improver") is also a Florida limited liability company.

5.      Defendant Campbell Wiener, Inc. d/b/a TheHomeMag of Ventura ("THM Ventura") is a California Corporation.

6.      Defendant Anstel Marketing, LLC is a Colorado limited liability company, whose principal business address is 200 W. Hampden Ave. Suite 200, Englewood, CO 80110.

7.      Defendant Claire Lindsay is an individual and a resident of Colorado.

8.      Defendant Annie Mullen is an individual and resident of Colorado.

9.      Defendant Barbara Robles is an individual and resident of Colorado.

10.     Defendant Ellen Smith is an individual and resident of Colorado.

## 5. COMPUTATION OF DAMAGES

a.      Plaintiff seeks damages in an amount to be proven at trial including: actual economic damages as proven on each claim; treble damages on Plaintiff's Sherman Act claims, statutory damages and treble damages as set forth in the CCPA, C.R.S. § 6-1-101, *et seq.*; disgorgement of profits made by Defendants through their wrongful acts; exemplary damages on Plaintiff's defamation and intentional interference claims; pre-and post-judgment interest at the maximum allowable legal rate; and attorney fees and costs of suit, including as specifically provided for by C.R.S. 6-1-101, *et seq.*, 15 U.S.C. §§ 1 and 2, and 15 U.S.C. § 1125(a).

b.      Defendant(s): THM denies that plaintiff is entitled to any purported damages.  THM further reserves the right to seek its attorneys' fees and costs under any applicable statute or rule. THM also reserves the right to seek damages for any counterclaim it may assert against plaintiff.

The Anstel Defendants deny any and all liability to Plaintiff for any damages.  The Anstel Defendants further deny that Plaintiff is entitled to recover damages.  The Anstel Defendants also dispute Plaintiff's computation of damages and damages theories.  The Anstel Defendants have not alleged any damages at this time, but reserve the right to do so, including for attorney's fees and costs under any applicable rule or law.  The Anstel Defendants also reserve the right to assert any counterclaims they may have against Plaintiff.

## 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting.  January 30, 2019.

b.      Names of each participant and party he/she represented.  For Plaintiff, GDHI Marketing, LLC d/b/a GoDabo Home and Life: Lily Nierenberg of Godfrey | Johnson, P.C. For Defendants Antsel Marketing, LLC d/b/a TheHomeMag Front Range, Claire Lindsay, Annie Mullen, Barbara Robles and Ellen Smith: Ellie Lockwood of Snell & Wilmer, LLP-Denver. For Defendants THM Management, LLC d/b/a TheHomeMag, The Home Mag Holding Company, LLC, Campbell Wiener, Inc. d/b/a THM of Ventura, and The Home Improver, LLC: Jacqueline Guesno of Gordon Rees Scully Mansukhani, LLP.

c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.  March 8, 2019, by the parties' agreement.

d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

See above.

e.      Statement concerning any agreements to conduct informal discovery:  None.

f.      Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

When possible, the parties will use a unified system of exhibit numbering in depositions.

5

g.     Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties agree to preserve all potentially relevant evidence that is electronically stored. The parties agree to exchange discovery and exhibits electronically and to Bates number the documents they produce. The parties agree to preserve a copy of all documents in native format with original metadata but will produce documents in a readable and searchable .pdf format unless doing so would materially alter the content of the documents or unless a specific request is made for the native file.

h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties will attempt to engage in settlement discussions as litigation progresses. The parties will promptly inform the Court should a settlement be reached.

## 7.  CONSENT

All parties have <u>not</u> consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

*a.*     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The parties have no modification to the presumptive number of depositions.  However, the parties agree that interrogatories be limited to 25 requests to each separately represented group as referenced below in Section 8(c).

b.     Limitations which any party proposes on the length of depositions.

None.

c.      Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each separately represented group shall be limited to 25 requests for production to each other separately represented group, and 25 requests for admission to each other separately represented group. For the purposes of this section 8(c), there are three "separately represented groups," as follows: 1. Plaintiff, GDHI Marketing, LLC d/b/a GoDabo Home and Life; 2. Antsel Marketing, LLC d/b/a TheHomeMag Front Range, Claire Lindsay, Annie Mullen, Barbara Robles and Ellen Smith; and 3. THM Management, LLC d/b/a TheHomeMag, The Home Mag Holding Company, LLC, Campbell Wiener, Inc. d/b/a THM of Ventura, and The Home Improver, LLC. Although the requests shall be so limited by separately represented group, each individual party shall be obligated to respond separately.

d.      Other Planning or Discovery Orders.

The parties will abide by Magistrate Judge Neureiter's discovery dispute protocol.

## 9.   CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

April 8, 2019.

b.      Discovery Cut-off:  September 30, 2019.

c.      Dispositive Motion Deadline:  October 31, 2019.

d.      Expert Witness Disclosure:

1.      The parties shall identify anticipated fields of expert testimony, if any.

a.   Plaintiff:

<u>One to two (1-2) experts on direct mail advertising and market definition, and one</u>

<u>(1) expert on business valuation and lost profits. Additional experts as needed.</u>

    b.  Defendants(s):

THM anticipates the following fields of expert testimony:

    i.  Any field identified by plaintiff without acknowledging the appropriateness of such area.

    ii.  Damages expert.

    iii.  THM reserves the right to disclose any experts as to any counterclaim it may assert against plaintiff.

The Anstel Defendants anticipate disclosing experts in the following fields: an industry expert, a damages expert, as well as experts in rebuttal to any expert disclosed by Plaintiff in any field. The Anstel Defendants also reserve the right to disclose experts to support any counterclaims they may bring in this matter.

    iv.  Limitations which the parties propose on the use or number of expert witnesses.

<u>Three (3) per separately represented group without leave from Court.</u>

    v.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: SEE SECTION 11(a) below.

    c.  Identification of Persons to Be Deposed:

Plaintiff:

| Deponent | Anticipated Length |
|---|---|
| 30(b)(6) representative of Antsel Marketing, LLC | 6 |
| 30(b)(6) representative of THM Management, LLC | 6 |
| 30(b)(6) representative of The Home Mag Holding Company, LLC | 6 |
| 30(b)(6) representative of Campbell Wiener, Inc. D/B/A THM of Ventura | 6 |

| | |
|---|---|
| 30(b)(6) representative of The Home Improver, LLC | 6 |
| Claire Lindsay | 6 |
| Krystal Toner | 4 |
| Annie Mullen | 4 |
| Barbara Robles | 4 |
| Ellen Smith | 4 |
| Home-improvement contractor A identified in Amended Complaint | 2 |
| Home-improvement contractor B identified in Amended Complaint | 2 |
| Home-improvement contractor C identified in Amended Complaint | 2 |
| Home-improvement contractor D identified in Amended Complaint | 2 |
| Home-improvement contractor E identified in Amended Complaint | 2 |
| Home-improvement contractor F identified in Amended Complaint | 2 |
| Home-improvement contractor G identified in Amended Complaint | 2 |
| Additional home-improvement contractors identified in discovery | 2 |
| Representative of NFocus | 4 |
| Additional witnesses identified by Plaintiff in discovery | As needed |
| Fact witnesses disclosed by another party | As needed |
| Expert witnesses disclosed by another party | As needed |

Defendants(s):

THM: THM objects to plaintiff's proposed list of witnesses as it exceeds the presumptive limit.

THM will depose the following:

     i.     Greg Harline.

    ii.     Any expert witness designated by plaintiff.

The Anstel Defendants object to Plaintiff's list on the basis that it exceeds the presumptive limit without a showing of good cause.  The Anstel Defendants anticipate deposing Plaintiff, Greg Harline, and any relevant third-party witnesses, including but not limited to fact witnesses and expert witnesses.

    d.     Deadline for Interrogatories: <u>August 19, 2019 (to serve final set).</u>

    e.     Deadline for Requests for Production of Documents and/or Admissions. <u>August 19, 2019 (to serve final set).</u>

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

b.      A final pretrial conference will be held in this case on _____ at _____ o'clock ____.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. <u>The parties have been unable to agree on a schedule for disclosure of experts. The parties' positions are described below.</u>

Plaintiff suggests:

i.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>July 1, 2019</u>.

ii.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>August 16, 2019</u>.

Defendant(s) suggest:

i.      Plaintiff shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: <u>July 1, 2019.</u>

ii.      The defendants shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before: <u>August 12, 2019.</u>

iii.     The parties shall designate all rebuttal experts and provide opposing counsel

and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2)

on or before <u>September 9, 2019</u>.

b.      Anticipated length of trial and whether trial is to the court or jury. <u>5-10 days</u>
<u>depending on the outcome of defendants' pending motions to dismiss.</u>

c.      Identify pretrial proceedings, if any, that the parties believe may be more efficiently

or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado

Springs, CO 80903-3475; Wayne Aspinal U.S. Courthouse/Federal Building, 402 Rood Avenue,

Grand Junction, CO 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive,

Durango, CO 81303-3439. <u>None.</u>

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the

moving attorney's client, all attorneys of record, and all pro se attorneys.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and underrepresented parties are reminded that any change of contact information

must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2019.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

*/s/ Jeffrey S. Vail*_____
Brett Godfrey
Jeffrey S. Vail
Lily Nierenberg
Godfrey | Johnson P.C.
9557 S. Kingston Court
Englewood, CO  80112
Phone:  (303) 228-0700
Email:  godfrey@gojolaw.com
Email:  vail@gojolaw.com
Email:  nierenberg@gojolaw.com
Attorneys for Plaintiff

*/s/ Ellie Lockwood*_____
James D. Kilroy
Ellie Lockwood
Snell & Wilmer, LLP-Denver
1200 17th Street, One Tabor Center
Suite 1900
Denver, CO  80202
Phone:  (303) 634-2000
Email:  jkilroy@swlaw.com
Email:  elockwood@swlaw.com
Attorneys for Defendants Antsel Marketing,
LLC d/b/a TheHomeMag Front Range,
Claire Lindsay, Annie Mullen, Barbara
Robles, and Ellen Smith

/s/ Jacqueline R. Guesno_____
Thomas B. Quinn, Esq.
Jacqueline R. Guesno, Esq.
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Phone:  (303) 534-5154
Email:  tquinn@grsm.com
Email:  jguesno@grsm.com
Attorneys for THM Management, LLC d/b/a
TheHomeMag, The Home Mag Holding
Company, LLC, Campbell Wiener, Inc. d/b/a
THM of Ventura, and The Home Improver,
LLC

## CERTIFICATE OF SERVICE

I hereby certify I have served the foregoing upon the parties hereto via CM/ECF – U.S. District Court filing, this 14th day of February, 2019.

James D. Kilroy, Esq.
Ellie Lockwood, Esq.
Snell & Wilmer, LLP-Denver
1200 17th Street, One Tabor Center
Suite 1900
Denver, CO  80202
Phone:  (303) 634-2000
Fax:      (303) 634-2020
Email:  jkilroy@swlaw.com
Email:   elockwood@swlaw.com
Attorneys for Defendants Antsel Marketing, LLC d/b/a TheHomeMag Front Range, Claire Lindsay, Annie Mullen, Barbara Robles, and Ellen Smith

Thomas B. Quinn, Esq.
Jacqueline R. Guesno, Esq.
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
(303) 534-5154
Email:  tquinn@grsm.com
Email:  jguesno@grsm.com
Attorneys for THM Management, LLC d/b/a TheHomeMag, The Home Mag Holding Company, LLC, Campbell Wiener, Inc. d/b/a THM of Ventura, and The Home Improver, LLC


*/s/Lily E. Nierenberg*