IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Civil Action No. 18-cv-02672-MSK-NRN

GDHI MARKETING, LLC,

    Plaintiff,

v.

ANTSEL MARKETING, LLC,
THM MANAGEMENT, LLC,
CLAIRE LINDSAY,
ANNIE MULLEN,
BARBARA ROBLES,
ELLEN SMITH,
THE HOME MAG HOLDING CO. LLC,
CAMPBELL WIENER INC., and
THE HOME IMPROVER LLC,

    Defendants.
_____

**OPINION AND ORDER DENYING MOTIONS FOR ATTORNEY FEES**
_____

**THIS MATTER** comes before the Court pursuant to Defendants THM Management, LLC; The Home Mag Holding Co., LLC; Campbell Wiener, Inc.; and The Home Improver, LLC's (collectively, "the THM Defendants") Motion for Attorney Fees **(# 91)**, the Plaintiffs' ("GDHI") response **(# 101)**, and the THM Defendants' reply **(# 103)**; and Defendants Anstel Marketing, LLC; Claire Lindsay, Annie Mullen, Barbara Robles, and Ellen Smith's (collectively, "the Anstel Defendants") Motion for Attorney Fees **(# 92)**, GDHI's response **(# 101)**, and the Anstel Defendants' reply **(# 104)**.

The Court assumes the reader's familiarity with the proceedings to date in this case, particularly the Court's September 20, 2019 Order **(# 84)** that dismissed all of GDHI's claims.

1

Because one of GDHI's claims invoked the Lanham Act, both groups of Defendants now seek an award of attorney fees pursuant to the Lanham Act's fee-shifting provision. 15 U.S.C. § 1117(a). That provision provides that in "exceptional cases," the Court may award reasonable attorney fees to the prevailing party. The moving Defendants bear the burden of demonstrating that this case is "exceptional." *Xlear v. Focus Nutrition, LLC*, 893 F.3d 1227, 1236 (10th Cir. 2018). The mere fact that a plaintiff does not prevail does not make a case exceptional and warrant a fee award against it. *Nat'l. Assn. of Professional Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1148 (10th Cir. 2000)  Instead, to be "exceptional" a movant must establish: (i) that there was no reasonable foundation for the Lanham claims, (ii) the plaintiff engaged in bad faith in bringing such claims, or (iii) the plaintiff prosecuted such claims in an unusually vexatious and oppressive manner. *King v. PA Consulting Group, Inc.*, 485 F.3d 577, 592 (10th Cir. 2007).

The fee-shifting provisions of 15 U.S.C. § 1117(a) apply only to Lanham Act claims. In other words, in actions where claims are brought both under the Lanham Act and other statutes, any recovery of fees under 15 U.S.C. § 1117(a) is limited to only those fees that were incurred in pursuing or defending the Lanham Act claims themselves.[1]  *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir.. 2018); *U.S. Structures, Inc. v. JP Structures, Inc.*, 130 F.3d 1185, 1193 (6th Cir. 1997).  Thus, in deciding whether the Defendants are entitled to

---

[1] *Sleepy's* recognizes that in the Fifth and Ninth Circuits, an exception exists where the non-Lanham Act claims are "so intertwined that it is impossible to differentiate between them" and the Lanham Act claims. 909 F.3d at 531-32. That exception does not appear to exist in this Circuit, and, in any event, the Court cannot conclude that GDHI's Sherman Act claims involving alleged monopolization are "impossible to differentiate from" its Lanham Act claims focusing on unfair competition.

2

fees, the Court need look only at GDHI's Lanham Act claim in order to determine whether that particular claim lacked any reasonable foundation.

The Court found that GDHI pled sufficient facts to show that: (i) the Defendants made materially false or misleading statements; (ii) that the statements were in connection with commercial advertising; (iii) that the representations misrepresented the nature of GDHI's services; and (iv) that GDHI had been injured as a result. *Docket #* 92 at 25. However, the Court dismissed the claim because GDHI could not show that the misrepresentations, made via e-mail and sent only to contractors who did business in the Denver area, affected interstate commerce. The Court noted that the question of whether purely intrastate e-mail messages inherently affect interstate commerce "presents an interesting and unresolved legal issue." *Id.*

In the absence of 10th Circuit authority, the Court considered differences between the circuit courts. The Court rejected the Sixth Circuit's approach ("the very act of sending an email creates the interstate commerce nexus") and instead adopted the Fifth Circuit approach, requiring a Lanham Act plaintiff to specifically demonstrate how the e-mail communications at issue affected interstate commerce. Given that GDHI's factual allegations of improper conduct were found to be sufficient to state a claim, and the only defect in GDHI's Lanham Act claim involved the discrete issue of interstate effect – an unsettled question in this Circuit and one that resulted in differing approaches in other Circuits -- this Court cannot conclude that GDHI's Lanham Act claim was so lacking in foundation as to be considered "exceptional" and warranting an award of fees.

Accordingly, both motions seeking fees **(# 91, 92)** are **DENIED**.

Dated this 28thst day of September, 2020.

**BY THE COURT:**

/s/ Marcia S. Krieger

Marcia S. Krieger
Senior United States District Judge

4